3/5/2019 3:02 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 31691744
By: Nelson Cuero
Filed: 3/5/2019 1:30 PM

## 2019-16282 / Court: 061

NO. _____

| | | |
|---|---|---|
| ROBERT SALCETTI, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| AIG PROPERTY CASUALTY | § | |
| COMPANY, | § | |
| *Defendant* | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

Plaintiff Robert Salcetti ("Plaintiff" or "Salcetti") complains of Defendant AIG Property Casualty Company ("Defendant" or "AIG"), and files Plaintiff's Original Petition and hereby respectfully shows unto the Court as follows:

#### I. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.

#### II. PARTIES

2. Plaintiff Robert Salcetti is an individual residing in Harris County, Texas.

3. Defendant AIG is a foreign insurance company conducting business in the State of Texas and its contact and business in the State of Texas gave rise to the facts and circumstances that constitute the basis of this lawsuit. Defendant AIG may be served with process by serving its registered agent for service of process, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218, or wherever else it may be found.

### III. JURISDICTION & VENUE

4. The Court has jurisdiction over Defendant AIG because it is a corporation that conducts business in the State of Texas. Further, the amount in controversy is within the jurisdictional limits of the Court.

5. Venue is proper in Harris County because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas. *See* TEX. CIV. PRAC. & REM CODE § 15.002(a)(1). Additionally, the insured property was situated in Harris County, Texas. *See id.* at § 15.032.

### IV. FACTUAL BACKGROUND

6. Plaintiff is the owner of a homeowner insurance policy, policy number PCG 0084795406 issued by the Defendant, AIG (the "Policy").

7. Plaintiff owned the insured property that is specifically located at 10903 Lakeside Forest Lane, Houston, Texas 77042 (the "Property").

8. Defendant, AIG, or its agent sold the Policy insuring the Property to the Plaintiff.

9. AIG provided a Risk Management Report based on a site visit that was completed on May 13, 2015. The total valuation for the Property by AIG at that time was $2,922,710.29.

10. In late August of 2017, Hurricane Harvey struck Houston, causing a significant buildup of impounded water at the Addicks and Barker Reservoirs. While much of Houston experienced flooding as a result of the hurricane, the Plaintiff's Property remained unaffected by the hurricane. The Plaintiff's Property was not damaged by wind or rainfall from Hurricane Harvey. However, on or before August 30, 2017 the U.S. Army Corps of Engineers intentionally released impounded water from the Addicks and/or Barker Reservoirs, thereby inundating Buffalo Bayou downstream (the "Release"). Plaintiff's Property, which is located near Buffalo Bayou,

2

sustained significant damage as a result of the Release After such Release, Plaintiff filed a claim with his insurance company, AIG, for the damages to his home caused by the Release of the impounded water

11. Plaintiff timely reported and submitted his claim to Defendant AIG, against the Policy for damages caused to the Property as a result of the Release Plaintiff asked that AIG cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy Plaintiff performed all his obligations under the Policy by providing AIG with all the requested information

12. AIG assigned claim number 00573744 to said claim

13. AIG retained Rimkus Consulting Group to inspect the Property and the damage thereto The report noted that the source of the damage to the Property was "water to a depth of approximately 15 feet above the rear yard grade elevation " The report accepted Plaintiff's observation that the Property was not damaged until impounded water was let loose from the Addicks and Barker Reservoirs The water from the Release sat in the house for approximately two weeks before receding The report also noted that there was no wind-related damage to the residence

14. The cost to repair the items damaged due to the Release is $2,524,250 Plaintiff's damages are based upon a report issued by VenClaim, Inc ("VCI") issued September 28, 2017, as well as contractor estimates for items not covered by the VCI report After deducting $1,000,000 that Plaintiff received from other basic and excess insurance, AIG is responsible for paying Plaintiff $1,525,250

15. On or about December 4, 2017, AIG sent Plaintiff a letter denying the claim on the basis that Section D of the Policy excludes coverage for damage caused by "flood " AIG relied

on the Rimkus report for its determination that "flooding" was the sole cause of the damage to the Property, but Rimkus' investigator was not qualified to provide any guidance as to whether the Property damage fell within AIG's coverage as provided by the terms of the Policy. Moreover, Rimkus' use of the term 'flood' did not comport with the narrow definition of "flood" as provided by the Policy.

16. In providing its denial, AIG did not discuss that the term "flood" is narrowly defined by the Policy as follows:

"**Flood** means

1. A general and temporary condition of partial or complete inundation of normally dry land area from

    a. Overflow of inland or tidal waters,

    b. Unusual and rapid accumulation or runoff of surface waters from any source, or

    c. Mudflow"

Accordingly, not all inundation of land by water are "floods," as that term is used in the Policy. The damage to Plaintiff's Property was not caused by any of the excepted events listed in the Policy. It did not result from the overflow of inland water, did not result from surface water, or mudflow. Instead, the Property was damaged by impounded water released from a dam. Accordingly, AIG's refusal to pay the claim is unfounded and contradicts the insurance contract.

17. To date, AIG continues to delay the payment for all the damages to the Property covered under the Policy. As such, Plaintiff's claim remains unpaid.

18. AIG failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant failed and refused to fully pay the proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover

4

the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. AIG's conduct constitutes breach of the insurance contract between AIG and Plaintiff.

19. Defendant, AIG, misrepresented to Plaintiff that damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. More specifically, AIG invoked a number of inapplicable policy exclusions. The exclusions AIG raised did not apply to Plaintiff's claim and were raised solely to dissuade Plaintiff from pursuing a valid and covered claim. AIG's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE 541.060(a)(1).

20. Defendant, AIG, failed to make an attempt to settle Plaintiff's claim in a fair manner, although AIG's liability to Plaintiff under the Policy was reasonably clear. AIG's liability was reasonably clear after its inspection of the Property, at which time AIG discovered that the damages were caused by the Release. AIG's conduct constituted bad faith.

21. Defendant AIG's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE 541.060(a)(2)(A).

## V. CONDITIONS PRECEDENT

22. All conditions precedent have been satisfied and met by Plaintiff.

## VI. FIRST CLAIM FOR RELIEF: BREACH OF CONTRACT

23. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein, except for those paragraphs that would be inconsistent with this cause of action.

24. A contract exists when there is "1) an offer, 2) an acceptance, 3) a meeting of the minds, 4) each party consents to the terms, 5) execution and delivery of the contract with the intent

that it be mutual and binding." *Baroid Equipment Inc. v. Odeco Drilling, Inc.*, 184 S.W.3d 1, 17 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

25. At the time of the Release on or about August 30, 2017, Plaintiff had in place a policy issued by AIG. The premiums were current. Plaintiff submitted a claim to AIG for damage sustained as a covered loss. All conditions precedent to recovery were made. Defendant, AIG, wrongfully failed to comply with the terms of the contract when it failed to pay the claim in a timely manner and failed to adhere to its duties under the contract. AIG is therefore in breach of the contract of insurance issued to Plaintiff.

26. AIG's conduct constitutes a breach of contract resulting in damages to Plaintiff.

### VII. SECOND CLAIM FOR RELIEF: DTPA

27. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein, except for those paragraphs that would be inconsistent with this cause of action.

28. Plaintiff is a "consumer" as defined by TEX. BUS. & COM. CODE § 17.45(4). Plaintiff sought or acquired goods or services by purchasing those goods or services from Defendant AIG. Defendant, AIG, violated the Texas Deceptive Trade Practices Act ("DTPA") (TEX. BUS. & COM. CODE § 17.44, et seq.) because it engaged in false, misleading, and/or deceptive acts or practices that Plaintiff relied on to his detriment.

29. The acts and omissions of Defendant also constitute violations of the Texas Deceptive Trade Practices Act, including, but not limited to:

    a. Committing false, misleading or deceptive acts or practices as defined by §17.46(b); and

    b. Use of employment of an act or practice in violation of the Texas Insurance Code Chapter 541.151 et seq as described herein.

30. The acts and omissions of Defendant were a producing cause of the Plaintiff's damages

31. Defendant's conduct was committed knowingly and/or intentionally because, at the time of the acts and practices complained of, Defendant had actual awareness of the falsity, deception, or unfairness of the acts or practices giving rise to Plaintiff's claim and they acted with a specific intent that Plaintiff act in detrimental reliance on the falsity or deception and/or in detrimental ignorance of the unfairness

### VIII. THIRD CLAIM FOR RELIEF: § 541 ET SEQ. TEXAS INSURANCE CODE

32. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein, except for those paragraphs that would be inconsistent with this cause of action

33. AIG violated the TEXAS INSURANCE CODE § 541 et seq because it engaged in unfair and/or deceptive acts or practices in the business of insurance. Specifically, AIG's acts and omissions include violations of

    a. § 541.051,

    b. engaging in unfair settlement practices by (§ 541.060)

        i. misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue,

        ii. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim with respect to which AIG's liability has become reasonably clear,

        iii. failing to promptly provide Plaintiff a reasonable explanation of the factual and legal basis in the policy for AIG's denial of the claim,

        iv. failing to affirm or deny coverage within a reasonable time, and

        v. refusing to pay a claim without conducting a reasonable investigation of the claim

    c. Misrepresenting Plaintiff's insurance policy by (§ 541.061)

7

        i.    making an untrue statement of material fact;

        ii.    failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made; and

        iii.    making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact.

    d.   § 17.46(b) of the TEXAS DECEPTIVE TRADE PRACTICE ACT, incorporated by TEXAS INSURANCE CODE § 545.151.

34.    AIG's conduct was committed knowingly because it had actual awareness of the falsity, unfairness, or deception of its acts or practices made the basis for Plaintiff's claim for damages under the TEXAS INSURANCE CODE.

35.    Defendant's conduct described above was a producing cause of Plaintiff's injuries.

## IX.    FOURTH CLAIM FOR RELIEF: TEXAS INSURANCE CODE § 542

36.    Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein, except for those paragraphs that would be inconsistent with this cause of action.

37.    Texas Insurance Code Chapter 542 defines unfair claims settlement practices in the business of insurance. AIG's acts, omissions, failures, and conduct that are described above violated Chapter 542 of the Texas Insurance Code. Specifically, AIG violated Chapter 542 by not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear and failing to pay the claim. TEX. INS. CODE § 542.003(b)(4).

38.    Chapter 542 of the Texas Insurance Code also provides for the prompt payment of claims by persons engaging in the business of insurance. AIG violated Chapter 542.057 by failing to pay Plaintiff's claim within the timelines prescribed by the statute. As a result of the wrongful

8

conduct of AIG, Plaintiff's claim has not been timely paid, and he has been deprived of the use of the funds under the policy of insurance

39.     Plaintiff is entitled to a statutory eighteen percent (18%) penalty, attorney's fees and Court costs

## X.     FIFTH CLAIM FOR RELIEF: BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

40.     Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein, except for those paragraphs that would be inconsistent with this cause of action

41.     AIG owed Plaintiff a duty of good faith and fair dealing. AIG breached this duty when it conducted an unreasonable investigation, denied Plaintiff's claim even after AIG's liability had become reasonably clear, delayed in paying the claim after its liability was reasonably clear, failed to fairly evaluate and adjust Plaintiff's claim, and misrepresented material facts and policy provisions even when Defendant knew or should have known that it was reasonably clear that Plaintiff's claim was covered. Defendant's breach of this duty was a proximate cause of Plaintiff's damages

## XI.    WAIVER AND ESTOPPEL

42.     Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff

## XII.   DAMAGES

43.     As a direct result of Defendant's conduct, Plaintiff has suffered economic damages all of which he is entitled to recover. Plaintiff is entitled to recover, in addition to the amount of the claim, interest on the amount of the claim at a rate of 5% on top of the interest rate determined by Tex. Fin. Code § 304.003, together with reasonable attorney's fees. Plaintiff is also entitled to

recover mental anguish damages because Defendant acted in bad faith and because Defendant's knowing conduct was the producing cause of Plaintiff's mental anguish

44. Pursuant to the DTPA and TEXAS INSURANCE CODE, Plaintiff is also entitled to recover treble damages because Defendant's conduct was committed knowingly

45. Plaintiff is entitled to exemplary damages as a result of Defendant's breach of duties owed When viewed objectively from the standpoint of the Defendant at the time of the occurrence in question, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the harm to others and which the Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others

46. Pursuant to TEX R CIV P 47, Plaintiff seeks monetary relief of over $1,000,000

### XIII. ATTORNEY FEES

47. Pursuant to TEXAS CIVIL PRACTICES AND REMEDIES CODE §§ 38 001, *et seq.*, DTPA § 17 50(d), and TEXAS INSURANCE CODE § 541 152 and § 542 060, Plaintiff seeks recovery of his reasonable and necessary attorney's fees and court costs

### XIV. JURY DEMAND

48. Plaintiff asserts its right to a trial by jury and make this demand for a jury trial The jury fee is being tendered concurrent with the filing of this petition

### XV. PRAYER

49. For these reasons Plaintiff Robert Salcetti respectfully requests that he have judgment against Defendant AIG Property Casualty Company for economic damages, mental anguish damages, treble damages, exemplary damages, reasonable and necessary attorney's fees.

pre-judgment and post-judgment interest as allowed by law, costs of suit, and all other relief to which Plaintiff may show himself justly entitled

                                    Respectfully submitted,

                                    GARCIA DE LA GARZA,

                                    By  *s Jesus Garcia, Jr.*
                                           Jesus Garcia, Jr
                                           State Bar No 24027389
                                           801 Travis Street, Suite 2175
                                           Houston, Texas 77002
                                           Tel   713 333 1030
                                           Fax  713 333 1029
                                    Electronic Service Email Address
                                    JGarcia-Team@GHTexasLaw com

                                    **ATTORNEY FOR PLAINTIFF**

Case 4:19-cv-01184   Document 1-4   Filed on 04/01/19 in TXSD   Page 12 of 13

4/1/2019 9:54 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 32385630
By: Brenda Espinoza
Filed: 4/1/2019 9:54 AM

CAUSE NO. 2019-16282

| | | |
|---|---|---|
| ROBERT SALCETTI § | | IN THE DISTRICT COURT OF |
| *Plaintiff* § | | |
| § | | |
| v. § | | HARRIS COUNTY, TEXAS |
| § | | |
| AIG PROPERTY CASUALTY COMPANY § | | |
| *Defendant* § | | 61ST JUDICIAL DISTRICT |

## ORIGINAL ANSWER OF AIG PROPERTY CASUALTY COMPANY

Defendant AIG Property Casualty Company ("AIG") files this Original Answer, as follows:

1. Subject to such stipulations and/or admissions that may hereinafter be made, Defendant AIG enters a general denial pursuant to Rule 92 of the Texas Rules of Civil Procedure, thereby denying every allegation contained in Plaintiff's Original Petition and demanding strict proof thereof as required by laws of the State of Texas.

WHEREFORE, Defendant AIG Property Casualty Company prays that the relief sought in Plaintiff's Original Petition be denied, that Plaintiff takes nothing, and that Defendant AIG Property Casualty Company goes hence without delay with its costs and all such other and further relief to which it may be justly entitled to receive.

Respectfully submitted,
**EGGLESTON & BRISCOE, LLP**
333 Clay Street, Suite 4800
Houston, Texas 77002
(713) 659-5100 — Telephone
(713) 951-9920 — Facsimile

By: /s/ *Raymond Gregory* _____
Raymond L. Gregory II
Texas Bar No. 08438275
rlg2@egglestonbriscoe.com
John Michael Raborn
Texas Bar No. 24057364
jmr@egglestonbriscoe.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that on April 1, 2019, a true and correct copy of the foregoing was forwarded to all counsel of record, including those listed below, via any proper method of service allowed by the Texas Rules of Civil Procedure, the Local Rules for this Court, or any method of service agreed to in writing by the parties:

Jesus Garcia, Jr.
Garcia De La Garza
801 Travis Street, Suite 2175
Houston, Texas 77002
(713) 333-1029 – Fax
JGarcia-team@GHTexasLaw.com

/s/ *Raymond Gregory*
Raymond L. Gregory II